**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116915

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Cassandra Gracius, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Alltran Financial, LP, <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Cassandra Gracius, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Alltran Financial, LP (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Cassandra Gracius is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Alltran Financial, LP, is a Texas Limited Partnership with a principal place of business in Harris County, Texas.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17. In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the

Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19. To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22. Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23. Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS

25. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated June 13, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

32. The Letter conveyed information regarding the alleged Debt.

33. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

38. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must clearly convey, from the perspective of the least sophisticated consumer, the actual amount

of the debt.

39. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

40. The Letter claims that Plaintiff owes $881.92.

41. Plaintiff did not owe $881.92 at the time Defendant sent Plaintiff the Letter.

42. Plaintiff did not owe $881.92 at the time Plaintiff received the Letter.

43. As such, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

44. As such, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

45. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

49. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

50. The Letter claims that Plaintiff owes $881.92.

51. Plaintiff did not owe $881.92 at the time Defendant sent Plaintiff the Letter.

52. Plaintiff did not owe $881.92 at the time Plaintiff received the Letter.

53. Defendant's allegation that Plaintiff owed $881.92 is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

54. Defendant's allegation that Plaintiff owed $881.92 is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

55. Defendant's allegation that Plaintiff owed $881.92 is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

56. Defendant's allegation that Plaintiff owed $881.92 is the false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

57. Defendant's allegation that Plaintiff owed $881.92 is the false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

58. Defendant's allegation that Plaintiff owed $881.92 is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

59. Defendant's allegation that Plaintiff owed $881.92 is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

60. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(2)

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

63. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

64. To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must clearly convey, from the perspective of the least sophisticated consumer, the actual name of the creditor to whom the debt is owed.

65. To comply with 15 U.S.C. § 1692g(a)(2), a statement of "the name of the creditor to whom the debt is owed" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

66. The Letter claims that Plaintiff owes an alleged Debt to CVI SGP-CO ACQUISITION TRUST.

6

67. Plaintiff did not owe the alleged Debt to CVI SGP-CO ACQUISITION TRUST at the time Defendant sent Plaintiff the Letter.

68. Plaintiff did not owe the alleged Debt to CVI SGP-CO ACQUISITION TRUST at the time Plaintiff received the Letter.

69. As such, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

70. As such, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the creditor to whom the alleged Debt is owed as required by 15 U.S.C. § 1692g(a)(2).

71. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

### FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

75. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

76. The Letter claims that Plaintiff owes an alleged Debt to CVI SGP-CO ACQUISITION TRUST.

77. Plaintiff did not owe the alleged Debt to CVI SGP-CO ACQUISITION TRUST at the time Defendant sent Plaintiff the Letter.

78. Plaintiff did not owe the alleged Debt to CVI SGP-CO ACQUISITION TRUST at the time Plaintiff received the Letter.

79. Defendant's allegation that Plaintiff owed the alleged Debt to CVI SGP-CO ACQUISITION TRUST is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

7

80. Defendant's allegation that Plaintiff owed the alleged Debt to CVI SGP-CO ACQUISITION TRUST is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

81. Defendant's allegation that Plaintiff owed the alleged Debt to CVI SGP-CO ACQUISITION TRUST is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

82. Defendant's allegation that Plaintiff owed the alleged Debt to CVI SGP-CO ACQUISITION TRUST is the false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

83. Defendant's allegation that Plaintiff owed the alleged Debt to CVI SGP-CO ACQUISITION TRUST is the false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

84. Defendant's allegation that Plaintiff owed the alleged Debt to CVI SGP-CO ACQUISITION TRUST is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

85. Defendant's allegation that Plaintiff owed the alleged Debt to CVI SGP-CO ACQUISITION TRUST is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

86. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**FIFTH COUNT**
**Violation of 15 U.S.C. §§ 1692e and 1692g**

87. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

88. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

89. 15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

90. There is no requirement that the consumer dispute the debt in writing.

91. It is a violation of the FDCPA to require disputes be made in writing.

92. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

93. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

94. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

95. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

96. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

97. The Letter states, "**PLEASE SEND ALL CORRESPONDENCE TO:** ALLTRAN FINANCIAL, LP P.O. BOX 610 SAUK RAPIDS, MN 56379-0610." (Emphasis in original).

98. Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

99. Disputes may be made orally.

100. The emphasized language directing all correspondence be mailed to an address overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

101. The emphasized language directing all correspondence be mailed to an address contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

102. The emphasized language directing all correspondence be mailed to an address, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

103. The emphasized language directing all correspondence be mailed to an address, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

9

104. The emphasized language directing all correspondence be mailed to an address, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing and sent to the stated address.

105. Defendant has violated § 1692g, as the emphasized language directing all correspondence be mailed to an address overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

106. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

107. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

108. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

109. The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

110. The emphasized language directing all correspondence be mailed to an address could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing and sent to the stated address. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

111. Because the Letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

112. The least sophisticated consumer would likely be deceived by the emphasized language directing all correspondence be mailed to an address.

113. The least sophisticated consumer would likely be deceived in a material way by emphasized language directing all correspondence be mailed to an address.

114. The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the Letter or dispute the debt.

115. Defendant has violated § 1692e by using a false, deceptive, and misleading representation in its attempt to collect a debt.

## SIXTH COUNT
## Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

116. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

117. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

118. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

119. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

120. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

121. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

122. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

123. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

124. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

125. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

126. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

127. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

*128.* The Letter provides: "SETTLEMENT TERMS" (emphasis in original), followed by several settlement options denoted by large, bolded and circled numbers, larger than any other writing on the Letter.

*129.* The Letter further provides, "This offer is valid for 40 days from the date of this letter," without designating to which "offer" this statement applies.

*130.* The Letter further threatens the possible submission of "a negative credit bureau report reflecting on your credit record . . . if you fail to fulfill the terms of your credit obligations," without designating the "credit obligations" referenced.

131. The Letter sets forth the required validation notice.

132. However, the validation notice is set forth in a deemphasized manner, especially in relation to the emphasized "SETTLEMENT TERMS."

133. The validation notice, relative to the emphasized "SETTLEMENT TERMS," is visually inconspicuous.

134. The validation notice, relative to the emphasized "SETTLEMENT TERMS," is buried within the body of the Letter.

135. The validation notice cannot be readily discerned from the rest of the language in the body of the Letter.

136. The Letter contains no visually conspicuous transitionary language, such as "**See Important Notice Below**," directing Plaintiff's attention to the validation notice.

137. The Letter does not otherwise direct the consumer's attention to the validation notice in any way.

138. In fact, the Letter directs consumer's attention away from the validation notice by stating in bold and capitalized typeface, "**SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**" (Emphasis in original)

139. However, the validation notice is NOT on the reverse side of the Letter designated by the Letter as "**IMPORTANT**."

140. The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

141. The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

142. The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook her rights.

143. The Letter is structured in such a way that it directs the least sophisticated consumer's attention away from the validation rights and towards the "SETTLEMENT TERMS."

144. The Letter is structured in such a way that it directs the least sophisticated consumer's attention away from the validation rights and towards the "**IMPORTANT INFORMATION**" on the back of the Letter, which does not include the validation rights.

145. The Letter is structured in such a way that it makes the validation rights difficult to read.

146. The Letter is structured in such a way that it makes the validation rights easy to overlook.

147. The Letter is structured in such a way that it makes the validation rights appear as boilerplate language.

148. The Letter is structured in such a way that it makes the validation rights appear unimportant.

149. The Letter is structured in such a way that it discourages the least sophisticated consumer from reading her validation rights.

150. The Letter is structured in such a way that it discourages the least sophisticated consumer from exercising her validation rights.

151. As a result of the foregoing, the least sophisticated consumer would likely be confused as to her rights.

152. As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to her rights.

153. Defendant violated 15 U.S.C. § 1692g(b) as the structure of the Letter overshadows the disclosure of the consumer's right to dispute the alleged Debt.

154. Defendant violated 15 U.S.C. § 1692g(b) as the structure of the Letter overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

155. Defendant violated 15 U.S.C. § 1692g(b) as the structure of the Letter overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

156. Defendant violated 15 U.S.C. § 1692g(b) as the structure of the Letter is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

157. Defendant violated 15 U.S.C. § 1692g(b) as the structure of the Letter is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

158. Defendant violated 15 U.S.C. § 1692g(b) as the structure of the Letter is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

159. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

160. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

161. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

162. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

163. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

164. For all of the foregoing reasons, the least sophisticated consumer could reasonably interpret the Letter to overshadow her right to dispute the debt.

165. Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

166. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

167. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

168. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

169. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

170. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

171. The Class consists of more than thirty-five persons.

172. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

173. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

174. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues

raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

175. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c. Finding Defendant's actions violate the FDCPA; and

d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Granting Plaintiff's costs; all together with

g. Such other relief that the Court determines is just and proper.

DATED: May 2, 2019

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116915